# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **REYNALDO LOPEZ MORALES**
SSN xxx-xx-2935

Debtor(s)

CASE NO: **17-03864-BKT**

Chapter 13

## TRUSTEE'S OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO***

Total Agreed: **$3,000.00**     Paid Pre-Petition: **$1,000.00**     Outstanding (Through the Plan): **$309.22**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1329

Debtor's/s' Commitment Period:  ☐ Under Median Income 36 months   ☑ Above Median Income 60 months §1325(b)(1)(B)
Projected Disposable Income: **$0.00**

Liquidation Value:$0.00   Estimated Priority Debt: $0.00

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the Proposed "PCM": Dated **02/04/19**  (Dkt  65)   Plan Base: **$7960.00**

The Trustee:  ☐ DOES NOT OBJECT  ☑ OBJECTS  Plan Confirmation   Gen. Uns. Approx. Dist.:100+4.25 WITHOUT INSURANCE EXPENSE.%

The Trustee objects to confirmation for the following reasons:

**[1325(a)(1)]** Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]

Debtor now intends to pay insurance for the vehicle he intends to pay in full to BPPR through the plan (Section 4.6). Debtor has failed, however, to submit an insurance quote. The sufficiency of the plan will depend on the insurance expense. At this time, after paying GU creditor 100 +4.25% of the amount claimed, there are only $131.50 left over.

**[1325(a)(5)]** Plan fails to comply with required treatment of allowed Secured Claims.

Section 3.7: Debtor cannot modify the standard plan format. This must be corrected.

**[1325(a)(6)]** Payment Default Feasibility – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).

Under the proposed plan Debtor is 3 months, or $735.00, in arrears with the Trustee.
Debtor should revise section 2.1 of the plan. There appears to be an error in the payment Schedule ($245.00 x 0). Also, numerically speaking, Debtor's plan is composed of 39 payments not 41.

*OTHER COMMENTS / OBJECTIONS

NONE.

**NOTICE**
**14 day notice**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other

appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law, (ii) the requested relief is against public policy, or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: February 19, 2019

/s/ Nannette Godreau, Esq.

Last Docket Verified: 65    Last Claim Verified: 1-2    CMC: RC